```
MARK F. ADAMS
Attorney at Law
California State Bar No. 097377
964 Fifth Avenue, Ste. 335
San Diego, CA  92101
Telephone: (619) 239-4344
Facsimile: (619) 544-1429

Attorney for Defendant
CARLOS GONZALEZ JIMENEZ
```

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CASE NO. 08CR2781-L** |
| Plaintiff, ) | **NOTICE OF MOTION AND MOTION FOR DISCOVERY** |
| vs. ) | |
| CARLOS GONZALEZ JIMENEZ, ) | **Date: September 22, 2008** |
| Defendant. ) | **Time: 2:00 p.m.** |
| _____ ) | |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY and,
CARLA BRESSLER, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on Monday, September 22, 2008 at 2:00 p.m. or as soon thereafter as counsel may be heard, the above named Defendant, by and through counsel, will present the following Motion for Discovery.

**MOTION**

Defendant, CARLOS GONZALEZ JIMENEZ, pursuant to the provisions of Rules 12 and 16 of the Federal Rules of Criminal Procedure, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the applicable case law of the United States Supreme Court and the Circuit Courts of the United States, hereby

1  moves for discovery.
2    This Motion is made and based upon this Notice of Motion, the attached
3  Memorandum of Points and Authorities, all files and records in the above captioned
4  case, and on any matters which may come to this Court's attention prior to or at the
5  time of hearing this motion.

Dated: August 22, 2008        */s/ Mark F. Adams*_____
                              MARK F. ADAMS
                              Attorney for Defendant
                              CARLOS GONZALEZ JIMENEZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR2781-L |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| CARLOS GONZALEZ JIMENEZ, | ) | |
| Defendants. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Mark F. Adams, am a citizen of the United States and am at least eighteen years of age. My business address is 964 Fifth Avenue, Suite 335, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of the defense MOTION FOR DISCOVERY on the following parties by electronically filing the foregoing with the Clerk of the United States District Court using its ECF System, which electronically notifies the following individuals:

Carla Bressler, Attorney for the Government, carla.bressler@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct and that this proof of service was executed on August 22, 2008 at San Diego, California.

                                               */s/ Mark F. Adams*_____
                                               Mark F. Adams

1  MARK F. ADAMS
   Attorney at Law
2  California State Bar No. 097377
   964 Fifth Avenue, Ste. 335
3  San Diego, CA  92101
   Telephone: (619) 239-4344
4  Facsimile: (619) 544-1429

5  Attorney for Defendant
   CARLOS GONZALEZ JIMENEZ
6

7

8

9              UNITED STATES DISTRICT COURT

10         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,        )   **CASE NO. 08CR2781-L**
                                    )
12           Plaintiff,              )   **POINTS AND AUTHORITIES**
   v.                               )   **IN SUPPORT OF MOTION FOR**
13                                  )   **DISCOVERY**
   CARLOS GONZALEZ JIMENEZ,         )
14                                  )
             Defendant              )   DATE: September 22, 2008
15                                  )   TIME:  2:00 p.m.
   _____  )
16

17              **STATEMENT OF FACTS**

18      Defendant, CARLOS GONZALEZ JIMENEZ, is charged with Attempted Entry

19 After Deportation in violation of Title 8 U.S.C. §§ 1326 (a) and (b).  The criminal

20 complaint alleges that on July 23, 2008 "Border Patrol Agents encountered Gonzalez

21 after having crossed the International Boundary with Mexico into the United States."

22 The complaint also alleges that Mr. Gonzalez was "previously removed from the United

23 States on May 3, 1988".  The Indictment alleges that Mr. Gonzalez was removed from

24 the United States subsequent to September 20, 1990. To this Indictment Mr. Gonzalez

25 has plead not guilty.  As of the date of filing this motion, the defense has been provided

26 with 30 pages of discovery consisting primarily of the immigration records of his recent

27

28                              1                       08CR2781-L

capture and records of prior convictions and apprehensions by the United States. The defense does not yet have recordings and complete documentation of his prior removal proceedings.

**THE DEFENDANT REQUESTS ALL DISCOVERY IN POSSESSION OF THE GOVERNMENT**

Mr. Gonzalez specifically requests the following items of discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989):

(1) The Defendant's Statements. Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any *Miranda* warnings which may have been given to the defendant (See *United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the

circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). See also *United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *United States v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967); *Loux v. United States*, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2 and 12(I);

   (3) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the accused requests the reports of all tests and examinations conducted upon the evidence in this case, including any fingerprint testing which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which is material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

   (4) *Brady* Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within *Brady's* definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976);

   (5) Any Information that May Result in a Lower Sentence under the advisory United States Sentencing Guidelines (U.S.S.G.). As discussed above, this information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes

any information that could affect any base offense level or any potential specific offense characteristic under Chapter Two of the U.S.S.G.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

(6)  The Defendant's Prior Record.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D).  The accused also specifically requests the opportunity to examine the "A-file" maintained by the government with respect to Mr. Hernandez' alleged complete immigration history, including recordings of prior immigration or administrative proceedings;

(7) Any Proposed 404(b) Evidence Evidence of prior similar acts is discoverable under Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given well in advance of trial in order to give the defense time to adequately investigate and prepare for trial;

(8) Evidence Seized.  Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E);

(9) Request for Preservation of Evidence.   The defendant specifically requests that all physical evidence, notes, reports, records, and other things which may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the investigation and/or arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, any samples used to run any scientific tests, any narcotics, and any evidence, including reports of interviews, seized from any third party.  It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and

investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

(10) Tangible Objects The defendant requests, under Fed. R. Crim. P. 16(a)(1)(E), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of building or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(11) Evidence of Bias or Motive to Lie.  The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988);

(12) Impeachment Evidence.  The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady v. Maryland*, supra. See, *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(13) Evidence of Criminal Investigation of Any Government Witness.  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  *United States v. Chitty*, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(14) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.  The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive,

remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);

(15) Witness Addresses.  The defendant requests the name and last known address of each prospective government witness.  See *United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984);

(16) Name of Witnesses Favorable to the Defendant.  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime charged.  *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(17) Statements Relevant to the Defense.  The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982);

(18) Jencks Act Material.  The defense requests all material to which defendant is entitled pursuant to the *Jencks Act*, 18 U.S.C. § 3500, reasonably in advance of trial, including witness statements of absolutely any kind.  A verbal acknowledgment that

"rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) Giglio Information. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(20) Personnel Records of Government Officers Involved in the Arrest and Investigation. The defendant requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(21) Government Examination of Law Enforcement Personnel Files. The accused requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. The defense requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand

for their review:  the Ninth Circuit in *Henthorn* remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial.  This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Gonzalez prior to trial.  Mr. Gonzalez specifically requests that the prosecutor, not the law enforcement officers, review the files in this case.  The duty to review the files, under *Henthorn,* should be the prosecutor's and not the officers'.  Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request;

   (22) Expert Summaries.   Written summaries of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications.  Fed. R. Crim. P. 16(a)(1)(G).  This request includes but is not limited to expert testimony regarding the chemical composition of the substances seized in this case, expert testimony on the value of the purported illegal drugs seized in this case, fingerprint expert testimony, structure or organization evidence, code speak evidence, and drug courier or other profile expert testimony; and,

   (23) Immigration Files and Records.  The defense must have access to the immigration files and records maintained on the defendant in order to meaningfully review the legality of his prior removals from the United States.  This request includes all recordings of removal or deportation hearings conducted in the defendant's case.

**CONCLUSION**

For the forgoing reasons, and based upon the argument of counsel, Defendant Carlos Gonzalez Jimenez, requests forthwith production of discovery.

Dated: August 22, 2008

*/s/ Mark F. Adams*
MARK F. ADAMS
Attorney for Defendant
CARLOS GONZALEZ JIMENEZ